Mr. Justice Clayton
delivered the opinion of the court.
Bowers, in his lifetime, was indebted to Johnson for the purchase of a tract of land, and transferred to him the receipt of a constable for certain claims, which he was to collect, with a special indorsement, that “ he, Bowers, would be bound for the same, upon the failure of the makers of the notes.” This was an adtion of assumpsit brought against him to recover what was due.
One ground of defence was, that the notes had been paid to the constable, and that Bowers was not liable for his default. There was evidence of the insolvency of the constable, and of Cage the maker of one of the notes. One question was, whether that note had been paid or not. There was proof of the insolvency of Cage, at the time of the transfer of the receipt. The constable swore that he did not recollect that Cage had ever paid it, whilst Cage swore that, to the best of his recollection, he had paid it to the constable. The jury found for the plaintiff the sum of $244.66, which appears to be the amount of the note of Cage, with interest. There was a motion for a new trial, which was overruled.
No charge was asked, or given, except as to the statute of limitations. The jury decided the questions of fact, and although the testimony is not plear, yet there is not such a preponderance against the verdict as would authorize us to set it aside.
*173 The judge instructed the jury, that the statute of limitations presented no obstacle to a recovery. There was no formal plea of the statute, but notice during the trial, that it would be relied on. The transfer was in May, 1838; and this suit was not commenced till September, 1845. To take the case out of the statute, a subsequent promise was relied on. It was in proof that one Riddle, at the request of Bowers, went in November, ] 840, to procure a deed for the land. The wife of Johnson, and perhaps also Johnson, refused to make the deed, because the purchase-money had not been paid. Riddle told them, if they failed to collect the money upon the receipt, Bowers was good, and would certainly pay it to them. Thereupon they made no further objection, but executed the deed and took up their title-bond. This was clearly a waiver of the statute. But for this promise, Johnson would probably have retained the title in his own hands, as a means of coercing payment.
But it is said that Riddle was not authorized to make this promise. Even if he were not, it is obligatory upon Bowers, if he retains the deed and the land thus acquired. No one can hold an interest obtained through the- fraud of another, any more than if the fraud were committed by himself. By receiving and retaining the benefit, he incurs the obligation. 3 Ire-dell’s Eq. R. 219.
The judgment is affirmed.